# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>JEROME CLINTON PENDER,<br><br>                        Petitioner. | No. 54948-4-II<br><br><br><br>UNPUBLISHED OPINION |

CRUSER, A.C.J. — In this Personal Restraint Petition (PRP), Jerome Pender challenges the firearm enhancement applied to his 2008 conviction for attempted murder in the first degree. Pender's conviction became final on August 16, 2010. Pender timely submitted his first PRP, which this court denied in 2015. He now argues that this PRP is timely under the exception to the collateral attack time bar listed in RCW 10.73.100(2), and he challenges the constitutionality of the firearm sentence enhancing statute (RCW 9.94A.533(3)) as applied to late adolescent offenders. Because his claim does not fall within RCW 10.73.100(2), we dismiss Pender's PRP as time barred without reaching the merits.

FACTS

I. UNDERLYING INCIDENT

Jerome Pender was convicted of attempted murder in the first degree while armed with a deadly weapon in Thurston County in 2008. *State v. Pender*, noted at 153 Wn. App. 1025, 2009 WL 4646694 at *1.

On May 14, 2007, a man named Marcus Allen Reed was shot while walking to the work release center in Olympia.  The shooter stood across the street from Reed, wearing a hood. Three shots were fired, but Reed survived.

During the investigation, police found two eyewitnesses who heard the gunshots and saw a man, who they believed to be the shooter, fleeing the scene. One of the eyewitnesses reported that the suspected shooter entered a "gray four-door car bearing a license plate with the number 924-LYH." *Id.* at *2.

Approximately two hours after the shooting, police pulled over a gray Mercury Marquis with that license plate number. The car was registered to a woman named Ashley Babbs, but Pender, who was dating Babbs at the time, was driving the car.

Babbs and Reed were in a relationship in 2005, and when Reed ended the relationship, Babbs assaulted Reed with pepper spray and threatened to physically harm him. The police and prosecutors involved believe that Pender was motivated to shoot Reed out of his loyalty to Babbs. Pender was charged with one count of attempted first degree murder, with a Firearm Sentencing Enhancement (FASE). Pender was 23 years old at the time of the shooting.

Pender was convicted after a second jury trial, the first one having ended in a hung jury. At the close of the second trial, "[t]he jury found Pender guilty of attempted first degree murder,

while armed with a firearm." *Id.* at *5. The trial court sentenced Pender to 240 months of confinement—180 months for the attempted murder conviction, plus 60 months for the firearm sentencing enhancement. The standard sentencing range for the attempted murder conviction—without the firearm enhancement—was 180 to 240 months.

## II. APPEAL AND FIRST PRP

Pender appealed his conviction and this court affirmed in an unpublished opinion in December 2009. We issued the mandate on Pender's appeal on August 16, 2010.

Pender filed a timely first PRP, which this court denied in an unpublished opinion in 2015. *In re Pers. Restraint of Pender*, No. 42430-4-II, slip op. at 1-2, (Wash. Ct. App. Feb. 10, 2015) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2042430-4-II%20%20Unpublished%20Opinion.pdf.

## III. CURRENT PRP

In this, his second PRP, Pender challenges the constitutionality of the firearm sentence enhancing statute (RCW 9.94A.533(3)) as applied to late adolescent offenders—which is a category he contends he falls within despite the fact he was 23 at the time he committed his crime. He argues that RCW 9.94A.533(3) is a criminal violation statute rather than a sentencing statute, and thus his petition is exempt from the time bar under RCW 10.73.100(2).

ANALYSIS[1]

Pender argues that imposing a mandatory 60-month firearm sentencing enhancement on youthful offenders—which he considers himself to be—without considering the mitigating factors of youth "violates the 'individualization' guarantee of the state['s] cruel punishment protection." Suppl. Br. of Pet'r at 1. But because Pender filed this PRP more than one year after his judgment and sentence became final, we must first determine whether this PRP is time barred. RCW 10.73.090(3)(b).

Pender argues that his PRP is timely under RCW 10.73.100(2), which states that the general time bar, RCW 10.73.090(1), does not apply if "[t]he statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct." He asserts that RCW 10.73.100(2) applies because the firearm sentencing enhancement statute falls within the class of statutes that RCW 10.73.100(2) addresses and is unconstitutional as applied to him. We hold that RCW 10.73.100(2) does not apply and dismiss this PRP as time barred.

---

[1] Although Pender's initial brief discusses newly discovered evidence regarding the neuroscience of developing brains, he does not rely on those arguments in asserting that his PRP is timely. Instead, he uses them to argue for relief on the merits. Moreover, in his supplemental and amended brief, he abandons his arguments regarding newly discovered evidence, opting to focus only on the constitutionality of the sentencing statute.

Even if Pender was arguing that the neuroscience regarding developing brains amounted to an exception to the collateral attack time bar, that argument would fail because our supreme court held in *In re Personal Restraint of Kennedy* that such evidence was available in 2004 and therefore, it does not meet the newly discovered threshold. 200 Wn.2d 1, 5, 513 P.3d 769 (2022).

The initial brief also asserts that the PRP is timely because it was filed during the Governor's time limit suspension of RCW 10.97.090. However, that suspension only applied to cases that were not yet final, and therefore, it does not apply to Pender's PRP. *In re Pers. Restraint of Blanks*, 14 Wn. App. 2d 559, 561, 471 P.3d 272 (2020) (holding that "[b]ecause [petitioner's] PRP was already time barred when Proclamation 20-47 issued, it is untimely.").

I. LEGAL PRINCIPLES

Subject to the six enumerated exceptions to the time bar stated in RCW 10.73.100, RCW 10.73.090(1) provides that a PRP must be filed within one year after the petitioner's judgment and sentence becomes final "if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." Pender does not argue facial invalidity or lack of competent jurisdiction. Instead, he argues that his PRP falls under the exception to the time bar listed in RCW 10.73.100(2), which states that the one-year limit does not apply in cases where "[t]he statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct."

A. *MONSCHKE* FRACTURED DECISION

Pender relies on our supreme court's decision in *In re Personal Restraint of Monschke*, 197 Wn.2d 305, 306, 482 P.3d 276 (2021) (plurality opinion), for his contention that the FASE statute encompasses both a substantive criminal violation provision and a sentencing provision which, he contends, renders his petition exempt from the time bar pursuant to RCW 10.73.100(2). As such, a brief discussion of *Monschke* is warranted.

The petitioners in *Monschke* argued that the sentence of life in prison without the possibility of parole, imposed following their convictions for aggravated murder, violated the ban on cruel and unusual punishment found in the Eighth Amendment to the United States Constitution and article I, section 14 of the Washington Constitution. *Id.* Prior to reaching the merits of the petitioners' claims, however, the court was required to address the time bar because the petitions were filed more than one year after the convictions became final. In concluding that the petitions were not time barred, four justices agreed that the aggravated murder statute (RCW 10.95.030)

was a statute that both defined the crime *and* prescribed the sentence, in that "it requires the State to charge and the jury . . . to find the defendant 'guilty' of that very same aggravated murder charge." *Id.* The lead opinion reasoned that as such, "petitioners' challenge to the constitutionality of the aggravated murder statute, which criminalizes premeditated first degree murder as aggravated murder in certain circumstances, *is* a challenge to the criminal statute that they were 'convicted of violating.' " *Id.* Thus, these four justices agreed that the petitions were exempt from the time bar pursuant to RCW 10.73.100(2), which provides an exception to the one-year time bar when "[t]he statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct."

However, Chief Justice Gonzalez expressly disagreed that RCW 10.73.100(2) exempted the petitions and joined the dissent on this point. The dissent concluded that RCW 10.73.100(2) did not apply because this exception to the time bar "limits the challenge to the *statute* that the defendant '*was convicted of violating*,' " and the petitioners "were not convicted of violating the mandatory [life without parole] sentencing statute, RCW 10.95.030." *Monschke*, 197 Wn.2d at 334-335 (Owens, J., dissenting). The dissent emphasized that the petitioners were, instead, convicted of aggravated murder under RCW 10.95.020. *Id.* at 335. The Chief Justice joined the lead opinion's overall holding that the petitions could be reviewed on their merits, and were not time barred, because the Chief Justice believed they were exempt under RCW 10.73.100(6). *Id.* at 229 (Gonzalez, C.J., concurring). Thus, five justices agreed that RCW 10.95.030 was not a hybrid statute encompassing both the crime and the sentence for aggravated murder, holding instead that it was solely a sentencing statute and that RCW 10.73.100(2) did not apply.

B. APPLICATION

Pender asks us to hold, as a matter of first impression, that mandatory sentences of any kind violate article I, section 14 of the Washington Constitution and the Eighth Amendment to the United States Constitution when applied to "late adolescents." Suppl. Br. of Pet'r at 2-4. He further asks us to hold, as a matter of first impression, that late adolescents should include any offender between the ages of 18-25 years old. Thus, he argues, the mandatory 60-month firearm sentence enhancement applied to Pender, who was 23 years old at the time of his crime, is unconstitutional.

Because Pender's petition was filed more than one year after his judgment became final, however, he must overcome the statutory time bar before the merits of his claim can be considered. In this endeavor, he relies on RCW 10.73.100(2), which provides an exception to the one-year time bar when "[t]he statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct." Pender relies on *Monschke*, arguing that the FASE, like the aggravated murder statute found at RCW 10.95.030, is a statute that both defines the crime and sets the punishment for being armed during the commission of a felony. Thus, he avers, his petition falls within the RCW 10.73.100(2) exemption.

To the extent Pender relies on *Monschke*, his reliance is misplaced. As we explain above, the lead opinion's position in *Monschke* that RCW 10.95.030 is a hybrid statute that sets forth both the crime and the punishment for the crime was rejected by a coalition of five justices and is *not* the holding in *Monschke*. The fractured *Monschke* opinion is inapplicable to Pender's petition.[2] To the extent that Pender asks us to hold, as matter of first impression, that hybrid statutes that define

---

[2] This is so not only because of the time bar issue, but also because *Monschke's* holding applied only to 18- to 20-year-olds, and because *Monschke* dealt specifically with sentences of life in prison without parole. *Monschke*, 197 Wn.2d at 313, 325.

both the crime and the punishment for the crime should be considered substantive criminal violation statutes for purposes of RCW 10.73.100(2)—a question the lead opinion in *Monschke* pointedly avoided outside of the aggravated murder context[3]—we decline that invitation because the FASE statute is exclusively a sentencing statute.[4]

RCW 9.94A.533 is a statute enumerating instances in which adjustments must be made to the standard sentencing range. The statute provides:

> The following additional times shall be added to the standard sentence range for felony crimes committed after July 23, 1995, if the offender or an accomplice was armed with a firearm as defined in RCW 9.41.010 and the offender is being sentenced for one of the crimes listed in this subsection as eligible for any firearm enhancements based on the classification of the completed felony crime. If the offender is being sentenced for more than one offense, the firearm enhancement or enhancements must be added to the total period of confinement for all offenses, regardless of which underlying offense is subject to a firearm enhancement. If the offender or an accomplice was armed with a firearm as defined in RCW 9.41.010 and the offender is being sentenced for an anticipatory offense under chapter 9A.28 RCW to commit one of the crimes listed in this subsection as eligible for any firearm enhancements, the following additional times shall be added to the standard sentence range determined under subsection (2) of this section based on the felony crime of conviction as classified under RCW 9A.28.020.

RCW 9.94A.533(3). The plain language of this statute makes clear it is strictly a sentencing statute. Moreover, it is found within the Sentencing Reform Act of 1981,[5] and is not even in the same title as the base crime that Pender was convicted of violating. Pender was convicted of attempted murder in the first degree pursuant to RCW 9A.32.030(1)(a) and RCW 9A.28.020. The definition of "armed," for purposes of this sentencing enhancement, comes from case law. *State v. Willis*,

---

[3] *Id.* at 309-312, 325-326.

[4] Pender, it should be noted, does not argue that RCW 10.73.100(2) applies to statutes that are solely sentencing statutes.

[5] Ch. 9.94A RCW.

153 Wn.2d 366, 371-72, 103 P.3d 1213 (2005); *State v. Barnes*, 153 Wn.2d 378, 383, 103 P.3d 1219 (2005); *State v. Valdobinos*, 122 Wn.2d 270, 282, 858 P.2d 199 (1993).

Because the firearm sentencing enhancement statute in RCW 9.94A.533(3) is strictly a sentencing statute, and does not define a crime, RCW 10.73.100(2) does not apply and Pender's petition is time barred.

## CONCLUSION

We dismiss Pender's PRP as time barred.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, A.C.J.

We concur:

MAXA, J.

LEE, J.